## HORACE LOZENGHEIM *v.* URSULE MARTIN and EVANS, Sheriff.

The judgment of the district court was, that there be a separation of property between the parties, and that the wife recover one half of the property acquired during marriage. In order to effect a partition, the sheriff was directed to sell the property of the community and to pay one-half of the net proceeds to the wife. There was no specification of the community property in the petition, in the judgment of the court, nor in the evidence; nor was there any settlement of the community. The judgment of the district court was held to be erroneous; for, by *Slidell*, J., the judgment, on which the *fieri facias* was issued, did not ascertain what property belonged to the community.

APPEAL from the District Court of St. Tammany, *Penn*, J.   *Griffon*, for appellant. · *Jones*, for appellee.  By the court *(Preston*, J., dissenting):

SLIDELL, J.   In March, 1850, *Ursule Martin* brought a suit against her husband, *Meyer*, for a separation from bed and board, and obtained an order that he be enjoined from disposing of the community property during the pendency of the suit.  No writ of injunction issued, but a citation was served upon *Meyer*, in April, 1850.  Judgment of separation from bed and board was rendered in favor of the wife, in October, 1850; and the decree further adjudges as follows: "It is further ordered, that a separation of property take place between said parties, and that she recover one-half of the property acquired during the marriage; and to effect a partition, that the sheriff be ordered to sell said community property and to pay one half of the net proceeds of the same to the plaintiff."  It will be observed, that this decree does not specify what was the community property; the plaintiff's petition contained no such specifications; the evidence was equally silent on the subject, and no settlement whatever of the community appears to have taken place.  Upon this judgment the wife obtained a *fieri facias*, in June, 1851, and caused a house and lot of ground, in the possession of *Lozengheim*, to be seized.  Thereupon, he brought the present suit to enjoin the sale, alleging that he bought the lot from *Meyer* in September, 1850; has paid the price, and has expended $400 in improvements.  *Mrs. Meyer* answered, admitting the seizure, but alleging that the property belonged to the community which existed between herself and husband, and was lawfully seized under her judgment.  There was judgment in the court below, dissolving the injunction, and condemning the plaintiff, and his surety in the injunction, to pay damages.  The plaintiff has appealed.

We think the judgment of the district court was erroneous.  The judgment on which the *fieri facias* was issued, did not ascertain what property belonged to the community.  It is uncertain, under the evidence in this cause, whether the property in question was bought by *Meyer* before or after his marriage.  The wife should have resorted to an action against the purchaser, and so have that decreed, which her judgment against her husband has not decreed, namely, whether this property is or is not community property.

It is said that the judgment obtained by *Mrs. Meyer* became null, for want of seasonable execution, pursuant to article 2402. Our views above stated, render it unnecessary to express an opinion upon the point.

It is therefore decreed, that the judgment of the district court be reversed, and that the injunction be perpetual; the costs in both courts to be paid by the defendant, *Ursule Martin*, reserving to her her right to bring an action against the plaintiff to set aside the alienation.

PRESTON, J., dissenting. On the 4th of March, 1850, *Ursule Martin* commenced a suit against her husband for a separation of property, and enjoined him from disposing of their community property during the pendency of the suit. On the 12th of October, 1850, she obtained judgment in her favor, and decreeing, that a lot in the town of Mandeville should be sold, and the net proceeds divided between them. She, however, did not issue execution until the 15th of June, 1051. But, during the pendency of the suit, on the 9th of September, 1850, the husband, in the city of New Orleans, sold the lot to the plaintiff, who alleges that he placed improvements on it before the execution was issued, amounting to $400. In fact, from some cause, he commenced improving the property before the bill of sale was passed.

The plaintiff contends, that the decree of separation is forfeited, and the community not dissolved, as it has not been followed by a prompt and *bona fide* execution. I am unable to say there has been such neglect on behalf of the wife, in following up her judgment by execution, as to forfeit her rights under the judgment. Third persons can take advantage of the failure of the wife to issue execution on her judgment, only so far as they are injured; and, the district court would undoubtedly provide, in the distribution of the proceeds of the sale of the property, by allowing the plaintiff for any valuable improvement made after the judgment and before execution.

2d. It is contended, that it is not alleged, or shown that the parties were married at the time the property was acquired by the husband. I think the evidence leaves no doubt of the marriage; and it appears by plaintiff's bill of sale, that he knew a suit was pending for separation from bed and board. Now, at the dissolution of the marriage, all property is presumed to belong to the community of acquets, and it becomes those who are interested to show the contrary, to prove it.

3d. It is argued that, even if the property belonged to the community, the husband could legally alienate it. He cannot do so after suit brought for a separation of property, and an order of court to the husband forbidding him to dispose of it.

4th. That no injunction was obtained, or notified to the husband, to prevent his alienating the property during the suit. It was not necessary. He was ordered not to do so, and an order accompanied the petition.

The 5th ground taken has no relevancy to the case.

6th. That the defendant cannot be made to profit by a state of things which she has brought about by her own *laches*.

I think that she was neglectful in executing her judgment, and that the court, in distributing the proceeds of the sale, should provide equitably for any value the plaintiff added to the property after judgment and before execution; and, indeed, for any other improvements, so far as they may add to the saleable value of the property, unless it should appear that the plaintiff acted in bad faith, which does not, so far, appear.

LOZENGHEIM      The wife has a right, by her judgment, to the half of the community property;
     *v.*       and, as that in controversy is indivisible in kind to its partition by licitation, that
MARTIN.         would be the only effect of the execution.

It is said that the defendants have not raised this objection in their pleadings.

I think the judgment of the district court should be affirmed.